### MAGNOLIA PETROLEUM CO. v. BUNNELL et al.

No. 22637.   Opinion Filed May 17, 1932.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Leo J. Williams and M. J. Parmenter, for respondent.

KORNEGAY, J. This is an original proceeding to review an award of the Industrial Commission which as corrected is as follows:

"Now, on this 2nd day of July, 1931, the State Industrial Commission, being regularly in session, this cause comes on to be considered pursuant to a hearing had before Inspector H. O. Matchett, duly assigned by the Commission to conduct said hearing, on the 25th of June, 1931, and at which hearing the claimant appeared in person and by his attorney, Leo J. Williams, and the respondent being represented by W. R. Wallace, its attorney, and the Commission upon review of the testimony taken at said hearings, and all reports on file, and being otherwise well and sufficiently advised in the premises, finds:

"1.  That it is admitted by the respondent herein that the claimant, John Bunnell, sustained an accidental personal injury arising out of and in the course of his employment with the respondent on the 26th day of February, 1930; nature of said injury being to chest and eyes, as a result of an explosion, bruising body and foreign bodies in eyes;

"2.  That as a result of said injury claimant was temporarily totally incapacitated from any kind of work from the date of the injury to March 15, 1930, at which time the healing period had terminated; being one week and four days beyond the five-day waiting period;

"3.  That in addition to claimant's temporary totally disabled condition, the claimant has suffered the permanent partial loss of use of his eyes to the extent of ten per cent. and ten per cent. permanent

disability to his entire body as result of said injury;

"4. That the average monthly wage of the claimant at the time of the injury was $137.50 per month;

"The Commission is of the opinion: By reason of the aforementioned injuries and the facts set out as above stated, that the claimant is entitled to compensation from respondent at the rate of $18 per week for 50 weeks, for permanent partial disability to both eyes, and compensation at the rate of $18 per week for 30 weeks as result of injury to the entire body; total amount for eyes above rate being $900, and total amount for permanent partial disability to entire body being the sum of $540, total sum due the claimant being $1,440 for 80 consecutive weeks, by reason of the aforementioned injury.

"It is ordered: That within 15 days from this date the respondent, Magnolia Petroleum Company, pay to the claimant the sum of $1,440 for a period of 80 weeks, for the ten per cent. permanent partial disability to entire body, and for ten per cent. permanent partial disability to both eyes; by reason of the aforementioned injury;

"It is further ordered: That within 30 days from this date the respondent, Magnolia Petroleum Company, file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

The evidence in the case, as to the eye loss was very sharply in conflict. The injury that occurred to the claimant was an explosion of gas accompanied by ignition. According to the testimony of the doctor, who examined him shortly afterwards on behalf of the respondent, there were some pretty severe burns about the face and eyes, and he removed from the eyes some foreign substances. The explosion occurred under a gas pressure of something like 600 pounds. It is claimed that the full force of the explosion came against his chest and face. He was paid total temporary disability for a few days and went back to work, but was later examined and then either discharged or laid off, there being some intimation that the laying off was the cause of the presentation of the claim for compensation.

The Commission held a hearing to ascertain what was the matter with the claimant, and experts on his behalf asserted that he had a greater disability in each eye than was allowed by the Commission. On the other hand, experts on behalf of the respondent claimed that the disability in vision of the eyes was largely natural and came from his being originally long-sighted. It appeared that he had been examined some two or three times by the respondents' medical agent before the injury, but there is nothing in the record as to what those examinations developed, except that the claimant stated that the examination had revealed nothing wrong with his eyes, and that he never had any trouble with his vision before the accident.

Under these circumstances the finding of the Commission that he had sustained a 10 per cent. loss of vision in each eye should not be disturbed by this court. In addition to the eye injury, though apparently the party was not aware of it, the examination developed that there were some rib fractures, both in the region of the breastbone and also at the junction with the vertebrae, and they had never knitted. The party complained of inability to work, shortness of breath, pain through the chest, and there were experts on nerve troubles, one of whom thought he had a permanent disability of 25 per cent. arising from injury to his nerve centers.

The Commission evidently balanced the various contentions, and allowed a 10 per cent. disability, aside from the special eye loss. The Commission failed to find what the diminution in wage-earning power had been, arising from the injuries to the chest and body, aside from the eye injury. The position assumed by the parties in their briefs, as to what each one desires to strike out of the award, is at variance. At page 3 of the brief of the respondent, we find the following:

"The Commission also found that the respondent had permanent loss of the use of his eyes to the extent of ten per cent., and awarded respondent 50 weeks for permanent partial disability to both eyes.

"The Commission in this case awarded the compensation on the basis of 500 weeks and also on the basis of 300 weeks. It found that there were three different things the matter with the respondent and gave him the maximum amount. We have no complaint to make and waive any disability the Commission found due to respondent on account of the injury to his entire body, provided the court finds that this was the only injury the respondent received. Our contention is that there is no competent evidence reasonably tending to prove that the respondent had an injury to his eyes on account of said accident. In the event this court finds that the respondent did have an injury to his eyes in addition to an injury to his body, it is our contention that the Industrial Commission erred in

figuring the amount of compensation due the respondent by computing the same on a 500 weeks basis when determining the amount due for the eyes, and on a 300 weeks basis when determining the amount due for the body injury, as there is no provision in the statute for computing an injury on this kind of a basis. We want to also urge that there was no competent testimony reasonably tending to show that there was an injury to the eyes."

In the brief of the claimant, at page 14, we find the following:

"We now arrive at a more serious contention in this case. Petitioner contends that the Commission erred in awarding this claimant additional compensation for an injury to his entire body, in that said Commission found the claimant sustained a 10 per cent. permanent partial disability to his entire body, and based his compensation on 10 per cent. of 300 weeks, and awarded him 30 weeks' compensation therefor. With this contention we must of necessity agree. This court has since the case of Texas Co. v. Roy Albert Roberts, 146 Okla. 140, 294 P. 180, held where an employee sustains an injury not specifically mentioned in the schedule set forth in section 7290, C. O. S., as amended by Session Laws of 1923, that his compensation should be based upon two-thirds of the difference between the wages earned at the time of the injury and his wage-earning capacity thereafter. In other words, if an employee is earning $5 per day at the time of his injury and he sustains such an injury as is not specifically set forth, then, after treatment, he goes back to work and earns only $2 per day, his compensation should be fixed at two-thirds of the difference between these two amounts, which would be $12 per week—the same to continue, not to exceed 300 weeks. Therefore, we admit that the award in this respect is erroneous, and that this case should be remanded to the State Industrial Commission for the purpose of determining whether or not this man's wage-earning capacity has been reduced by reason of the injury to his entire body, and if so, an award made in compliance with the former holdings of this court."

The State Industrial Commission does not appear to have made inquiry as to the difference between the wage-earning capacity before the accident and afterwards when the disability developed.

In accordance with the confession in error that is set out above as to the bodily injury, the case is remanded to the Industrial Commission for the purpose of ascertaining the loss in earning capacity by reason of the bodily disability, aside from the eyes, in accord with the opinion in the case of Texas Co. v. Roy Albert Roberts,

146 Okla. 140, 294 P. 180. The award for injury to the eyes is affirmed, and the Industrial Commission directed to enforce the same.

HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY and CULLISON, JJ., absent.